The testator has in the first clauses of his will given his estate to his wife, his daughter Anne, and to his posthumous child, in case any such should be born.
In the 11th clause he directs as to part of the property before given away that in case he should die without child, or that his wife should not be with child at the time of his decease, or in case of the death of *Page 344 
his daughter Anne before she arrives at full age, or without heirs lawfully begotten, then he gives to his brothers Levi and William such property. There is no doubt entertained but that this is a good limitation. Then, as to another part of his estate, also before given away, namely, money on hand, debts due to him, money arising from sales of his personal propertygiven to my child or children. If no such child or children, then
to be divided between my brothers William and Levi. In the former limitation he uses very different words from those used in the latter; he could not designate the child that his wife might be enceinte of at his death by any particular name; he designates Anne by the term child, and her and the child that might be born by the term children. If he had had no such child as Anne, and had given over the property upon the (622) contingency of his not having a post humous child, it would be a natural expression to say if no such child then, etc. In such case the time was fixed when the event might be looked for on which the contingency depended. No doubt if there had been no such child in expectancy, having a daughter Anne, he might and probably would have used other words than those he has used, namely, if no such child, because the child he was speaking of was then in existence. But I think he placed the contingency of the property going over upon the birth of a posthumous child, which must happen, if at all, shortly after his death, and the existence or nonexistence of Anne at the time of his death; and as she survived her father, I think the property vested in her. I cannot bring myself to a construction that would refer the words if no such child orchildren to the proceeding devise, where words of limitation of a very different import are used in a devise of other property. The legacies afterwards given to be paid in two years harmonize with this construction, but would not suit one by which the limitation in this case would be held good. I therefore concur in the opinion given.
I concur also in the opinion given as to the other points made in this case.
HENDERSON, J., concurs.
PER CURIAM. Decree accordingly.
Cited: Albritton v. Sutton, 31 N.C. 390; Bennehan v. Norwood, 40 N.C. 108;Cheek v. Walker, 138 N.C. 448; Ham v. Ham, 168 N.C. 491. *Page 345 
(623)